# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMAR ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-383-JMS-DML |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus

The petition of Lamar Allen for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-04-0219. For the reasons explained in this Entry, Allen's habeas petition must be **denied**.

## Discussion

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

### B. The Disciplinary Proceeding

On April 24, 2013, Investigator F. Vanihel wrote a Report of Conduct in case IYC 13-04-0219 charging Allen with violation of state law – involuntary manslaughter. The Report of Conduct states:

> On April 10, 2013 I F. Vanihel CPO/Investigator at Plainfield Correctional Facility was assigned to investigate alleged incidents concerning a possible assault by Offender Allen, Lamar #171023 to McCurdy, Michael #139407. After completing interviews of Offenders, Staff, and reviewing video evidence I have determined that Offender Allen, Lamar #171023 did commit a violation of IC 35-42-1-4(C)(3) Involuntary manslaughter against Offender McCurdy, Michael #139407. Offender Allen did admit after being given his Miranda warning to assaulting Offender McCurdy by way of closed fists. Offender Allen was segregated pending outcome of investigation.

On April 25, 2013, Allen was notified of the charge of violation of state law – involuntary manslaughter and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Allen was notified of his rights, originally pled guilty but later changed his plea to not guilty, and did not request the appointment of a lay advocate. He did not request any witnesses, but did request the report of investigation of the incident be presented as physical evidence.

The hearing officer conducted a disciplinary hearing in IYC 13-04-0219 on May 2, 2014, and found Allen guilty of the charge of violation of state law – involuntary manslaughter. In making this determination, the hearing officer considered the offender's statements, the investigation case file, and staff reports. The hearing officer recommended and approved the following sanctions: 45 days lost phone privileges, 365 days disciplinary segregation, a 290 day deprivation of earned credit time, and a demotion from credit class I to credit class III.

Allen appealed to the Facility Head on May 17, 2013. The Facility Head denied the appeal on June 3, 2013. Allen's appeal to the Appeal Review Officer was denied on June 28, 2013.

### C. Analysis

In his petition for a writ of habeas corpus, Allen argues that McCurdy's death was due to the negligence of DOC medical staff, that McCurdy had fallen and hit his head earlier that day, and that the evidence was insufficient to find him guilty. Each of his arguments amounts to a challenge the sufficiency of the evidence against him.

To support a disciplinary conviction, due process requires only that the Hearing Officer's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). The "some evidence" test is satisfied by "any evidence in the record that could support the conclusion reached by the disciplinary board," even if "no direct evidence" exists. *Hill,* 472 U.S. at 455-57. Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), the standard of some evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. A federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Allen was found guilty of violating state law – involuntary manslaughter. In Indiana, involuntary manslaughter occurs when a person kills another person while committing certain crimes, including battery. Ind. Code § 35-42-1-4(c). There is no requirement of intent. Here Allen

admits that he struck McCurdy, but argues that he did not intend to hurt him and that he did not cause McCurdy's death, rather that McCurdy died as a result of a fall. In finding Allen guilty of violating state law, the hearing officer considered the contents of the confidential internal affairs file which detailed the extensive investigation that was done of the circumstances surrounding McCurdy's death. The investigation included review of medical records, statements from medical staff and other witnesses, and multiple interviews of Allen. A review of the medical records by medical staff indicated that McCurdy died from the effects of a subdural hematoma suffered during the assault by Allen. Allen stated: "It wasn't intentional. I wasn't trying to hurt him. We had been having problems. He started cussing and if he didn't do that I wouldn't have hit him." There is some evidence that McCurdy died as a result of Allen's battery, and thus that Allen violated state law by committing voluntary manslaughter. While Allen complains that the evidence is insufficient to establish beyond a reasonable doubt that he caused McCurdy's death, he misapprehends the level of evidence necessary to sustain the guilty finding in this disciplinary proceeding. "Some evidence" is all that is required that there is more than enough evidence to find Allen guilty of violating state law. Allen therefore has not shown that there was insufficient evidence against him.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Allen to the relief he seeks. Accordingly, Allen's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: January 6, 2015

_signature: Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LAMAR DONTAE ALLEN
171023
Hendricks County Jail
P.O. Box 87
Danville, IN 46122

All electronically registered counsel